FILED
11/17/2025
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 87298-2-I |
| Respondent. | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| JANICE MARIE BURRELL, | |
| Appellant. | |

PER CURIAM — Janice Burrell challenges the inclusion of a community custody condition requiring her to pay supervision fees in her amended judgment and sentence. In September 2024, the trial court resentenced Burrell with a reduced offender score after two prior felony drug possession convictions were invalidated by *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). During resentencing, the trial court agreed to "will waive all financial obligations, finding an inability to pay based on her indigency." The court also noted waiver of legal financial obligations on the order amending the judgment and sentence. Despite this intention, the trial court did not strike the community custody condition requiring payment of supervision fees as determined by the Department of Corrections (DOC) found in Appendix H to the judgment and sentence.

Effective July 1, 2022, the legislature amended RCW 9.94A.703(2) to remove payment of DOC supervision fees as a community custody condition. LAWS OF 2022,

ch. 29, § 8.  The State concedes that the trial court intended to waive all nonmandatory fines and fees but inadvertently neglected to strike the community custody condition. We accept the State's concession and remand to the superior court solely to strike the condition from the judgment and sentence. *See State v. Meza*, 22 Wn. App. 2d 514, 547, 512 P.3d 608 (2022).

FOR THE COURT:

_Birk, J._

_Díaz, J._

_Chung, J._